CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
Plaintiff Lennox Industries, Inc. filed this suit against Oresta Pena[1] and Air Conditioning and Sheet Metal Company, Inc., for a money judgment in the amount of $991.79, and for the recognition of a materialman’s lien. Lennox sold a five-ton air conditioning unit to Air Conditioning and Sheet Metal Company, Inc. on February 29, 1972, and an entry on the invoice dated March 3, 1972 shows 2604 Magazine Street.
Oresta Pena entered into a contract with Air Conditioning and Sheet Metal Company, Inc., through its agent Richard Mc-Masters on February 22, 1972, for the installation of a five-ton air conditioner on his premises at 2604 Magazine Street and paid to Air Conditioning & Sheet Metal Company, Inc. by check the sum of $1,380.-00. This check was deposited on February 23, 1972. In addition to this sum, Pena paid an additional sum of $920.00 by check; however, the check never was presented to any bank. Pena cashed the check and by prior agreement with Mc-Masters gave the money to Mr. Abea, who did all of the sheet metal work necessary for the installation of duct work from the *621 air conditioning unit installed by Me-Masters to the interior of the building.
Lennox contends that Air Conditioning & Sheet Metal Company, Inc. picked up the five-ton air conditioning unit from its warehouse in Kenner, Louisiana on February 29, 1974, and installed it on premises owned by Oresta Pena at 2604 Magazine Street and Air Conditioning & Sheet Metal Company, Inc. has not paid for this unit. Lennox, pursuant to R.S. 9:4801, filed an affidavit in the mortgage records of the Parish of Orleans to preserve its material-man’s lien. Mr. Pena was advised pursuant to the lien statute of the unpaid amount due and then of the lien filed in the mortgage records of Orleans Parish.
The trial judge held in favor of Lennox and against Air Conditioning & Sheet Metal Company, Inc. in the full sum of $991.79 together with legal interest and all costs of the proceeding. He further held in favor of Oresta Pena dismissing plaintiff’s suit against him.
The trial judge found as a matter of fact that the air conditioning installed on Pena’s property was the same unit picked up by Air Conditioning & Sheet Metal Company, Inc. on February 29, 1972, at Lennox’s warehouse in Kenner, Louisiana.
The court further found that the arrangement between Lennox Industries and Air Conditioning & Sheet Metal Company, Inc. was carried on as an open account and a lien would not be allowable on an open account. With these two conclusions we cannot agree; however, we do affirm on other grounds.
The only witness who testified that the air conditioning unit on Pena’s property was the same unit picked up by Air Conditioning & Sheet Metal Company, Inc. from Lennox was Mr. Vetterman who was the territory manager for Lennox in the New Orleans area. He claims he inspected the unit installed at the Pena premises and checked the serial numbers on the unit and they were the same as on the unit taken from the Lennox warehouse by Air Conditioning & Sheet Metal Company, Inc.
Vetterman’s testimony is that he checked the serial numbers on the unit on the Pena premises sometime after its installation. He did not preserve the serial numbers, although he was well aware of the legal problems that may be entailed in preserving a lien on the Pena premises.
On page 24 of the transcript, Mr. Vet-terman was asked the following questions:
“Q. You already said you did sell them to other persons? (5-ton air conditioners.)
A. Yes.
Q. And he (Air Conditioning & Sheet Metal Company) could have as far as you know turned a five ton unit from another party and installed it in this location as though it were new and it would be the same model number that was on the new machine and it would be the same as the one that he picked up from the warehouse, is that correct?
A. I would have no way of knowing that, sir.”
Pena denied anyone inspected the unit installed on his premises.
On page 32 of the transcript Mr. Pena was asked:
“Q. Is it possible that someone from Lennox went in and inspected this unit and you do not know it ? You said ‘not to your knowledge’?
A. No, I was there when the job was done, by the date of February 22, when I signed the contract, I said that was $1,380.00 and I was there most of the time watching the job and I never saw the gentleman there at that time or nobody else from Lennox.
Q. Where you there around the clock ?
*622 A. Almost all the time, that s my main business, so I stayed there most of the time.”
The court feels that the plaintiff has failed to substantiate its claim that the air conditioning unit picked by by Air Conditioning & Sheet Metal Company was the same unit installed on the premises of Or-esta Pena.
For the foregoing reasons, we affirm the judgment of the trial court.
Affirmed.
LEMMON, J., dissents and assigns reasons.

. Defendant’s name is incorrectly spelled on the original pleading, from which the title to this case is derived. The correct spelling is adopted in the opinion.